Marvin R. GIBSON, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error,

No. A–15380.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1970.

Rehearing Denied Jan. 6, 1971.

W. Keith Thomas and James M. Springer, Jr., Stillwater, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William M. Bonnell, Asst.Atty.Gen., for defendant in error.

BUSSEY, Judge.

Marvin R. Gibson, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Payne County for the crime of Murder; his punishment was assessed at imprisonment in the state penitentiary at hard labor for life, and he appeals.

Briefly stated, the record reveals that while the defendant was visiting friends in Cushing, Oklahoma, on July 29, 1968, while AWOL from the United States Army, he was removed from a cafe in an unconscious state as a result of being under the influence of narcotics and intoxicating beverages. The following morning he was arrested by the Cushing Police Department and charged with the crime of Burglary and was placed in the back seat of an automobile, along with another prisoner, Jack Howell, for transportation to the Payne County Jail in Stillwater. The car was driven by Payne County Deputy Sheriff Jerry Beall, who was accompanied in the front seat by Cushing Police Chief O. O. Rowden. At a point approximately six miles east of Stillwater on State Highway 51, the automobile in which defendant was

riding collided with another automobile driven by Laverne Robinson, and Deputy Sheriff Beall died as a result of this collision and defendant was charged with his murder.

At the trial of the case, Laverne Robinson testified that he recalled nothing about the accident due to injuries which he sustained. Jack Howell testified that he had been picked up by the State Highway Patrol around 10:00 or 10:30 a. m. on the morning of July 30, 1968, and arrested for public intoxication and that later in the day he was transported in the back seat of an automobile along with the defendant towards Stillwater and that the aforementioned accident was caused by the defendant lunging across the front seat and grabbing the steering wheel of the vehicle causing it to swerve across the centerline of the highway. On cross-examination, Howell admitted that he was under the influence of alcohol at the time of his arrest; but testified that he was sober and alert later that afternoon when he and the defendant were being transferred to Stillwater.

Stillwater Police Officer Ben Whitson stated that he accompanied the defendant in the rescue truck which transported him to the hospital from the scene of the accident and that during the trip the defendant's pulse became so weak and his breathing so difficult that it was necessary to administer oxygen to him, and that he was certain the defendant was in a state of shock; that while in this state, the defendant stated an admission to him.

Defendant testified in his own behalf and stated that he had been raised in a broken home in a Negro ghetto with little or no parental affection; that as a result of this environment he had become addicted to drugs at an early age; that this addiction continued up to and including the date of the alleged crime, and that while being transported from Cushing to Stillwater he experienced severe withdrawal symptoms which caused such intense pain that he hollered, jumped up and struck his head on the roof of the automobile, at which time the driver turned around,

looked into the back seat, and the next thing defendant remembered was the impact of collision with another automobile. He stated that he was in intense pain and that he remembered very little about the trip to Stillwater in the rescue truck except that at one time he heard the siren and felt someone forcing an oxygen mask on his face.

Al F. Furman testified as to the description and inside dimensions of a 1963 Belair four-door Chevrolet, which was the make and model of the automobile driven by the deceased.

Dr. R. E. Roberts testified that he was acquainted professionally with the defendant, who continually required heavier dosages of narcotics while under his care in the Stillwater Municipal Hospital; that in his opinion, the defendant was addicted to drugs prior to his admission to the hospital, and that on one occasion the defendant experienced delirium tremens when he was taken off drugs and went wild requiring four persons to control him.

Ray Harral testified that he was a jailer at the Payne County jail; that he served as a guard of the defendant while he was in the Stillwater Municipal Hospital recovering from injuries received in the accident, and defendant advised Mr. Harral that he could not eat or sleep for thinking about what he had done.

On appeal it is first argued that the verdict of the jury is contrary to the evidence and the law of the State of Oklahoma in that there was an absolute failure on the part of the evidence to show the defendant was guilty under the subdivision of the Murder statute under which he was charged. The particular subsection involved is 21 O.S. 1961, § 701, subsection 2, which provides:

"Homicide is Murder in the following cases.

2. When perpetrated by any act imminently dangerous to others and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual."

Defendant's brief cites Jewell v. Territory, 4 Okl. 53, 43 P. 1075 (1896) as authority for the type of case intended to fall within the second subsection of our present Murder statute. Defendant's brief referred to "* * * riding a horse into a crowd of people, blowing up a building knowing persons are within, or throwing a heavy stone into a crowded street" as examples of when the second subdivision of 21 O.S. 1961, § 701 becomes applicable. A logical modernization of the 1896 example of riding a horse into a crowded street would be "steering one speeding vehicle into the oncoming path of another speeding vehicle." The resulting injuries which are sure to follow from such a dangerous act evince a depraved mind and fall well within the pertinent provision of the statute. We are of the opinion, and therefore hold, that when, as in the instant case, it appears that a passenger in a motor vehicle seizes control of the steering wheel from the driver and steers said vehicle into the path of oncoming traffic, and a collision occurs resulting in the death of one or more occupants of two of the colliding vehicles, such evidence supports conviction under the provisions of 21 O.S. § 701, subsection 2.

Under his first proposition the defendant also urges that the evidence is insufficient to support the verdict of the jury and we need only observe that the testimony of Jack Howell, standing alone, when coupled with proof of death of the victim resulting from the collision, is ample, if believed by the jury, to support a conviction under 21 O.S. § 701, subsection 2.

This leads us to a consideration of the defendant's second contention that the court erred in admitting the evidence of witnesses Whitson and Harral objected to by the defendant.

Whitson testified, in substance, that while accompanying the defendant in the ambulance to the hospital, the defendant's pulse was weak and it was necessary for him to hold the oxygen mask near the defendant; that the defendant regained his consciousness and without being questioned, stated several times, "I want to die, I am going to die, and that is why I went over Officer Beall's head and grabbed the steering wheel." Whitson further testified that after making these statements, defendant lost his pulse.

Harral's testimony, heretofore referred to in our summary of facts, was also a voluntary statement made by the defendant, not in response to any questions propounded.

Although the defendant argues that Lyons v. State, 77 Okl.Cr. 197, 138 P. 2d 142, Smith v. State, 77 Okl.Cr. 142, 140 P.2d 237, and Miranda v. Arizona, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, are applicable in the instant case and the trial court erred in admitting the testimony of Whitson and Harral over the objection of defense counsel, we reiterate the rule determinative of this issue, as stated by this Court in Montgomery v. State, Okl.Cr., 447 P.2d 469, wherein we stated:

"Even though in custody, voluntary statements made to police officials not the result of interrogation are admissible in evidence and are not in violation of Miranda requirements."

The weight and credibility to be given these admissions were matters for the consideration of the jury under proper instructions. The court correctly instructed the jury in Instruction No. 8, that:

"Evidence has been permitted to go to the Jury in this case tending to show that on occasions other than at this trial the accused himself made certain statements tending to connect the accused with the alleged crime for which he is on trial. As concerns these purported admissions you are instructed that the law forbids you to consider such admissions unless they were voluntarily made while the accused was possessed of sufficient mental capacity to understand their meaning. Although the Court has admitted evidence tending to show that the defendant made the admissions, you must disregard the asserted admissions of the defendant entirely unless you, yourselves, by your own weighing of all the evi-

dence, your own judging of the credibility of the witnesses, and your own reasonable deductions, conclude that the alleged admissions not only were made but also were voluntarily made while accused was possessed of sufficient mental capacity to understand their meaning. If the Jury finds and believes that the admission allegedly made were voluntarily made while accused was possessed of sufficient mental capacity and without any promises of immunity, leniency, or other benefit, either direct or implied, or by coaxing, conjoling or menacing influence of and on the defendant, then such admissions may be considered by the Jury as any other evidence, except in this case they cannot be considered by the Jury as any confession of the guilt of the crime charged."

■ This leads us to a consideration of defendant's third assignment of error wherein he urges that the court erred in not giving the jury the lesser included instructions on the degrees of Manslaughter which the evidence demanded. Defendant raises this issue for the first time in his brief in support of his Petition in Error. Objections were not made to the instructions given, nor did the defendant request an instruction on Manslaughter, and take exception to the ruling of the court, nor was the failure to instruct the jury on the issue of Manslaughter raised in the Motion for New Trial. Although it is argued that under the State's evidence there was sufficient evidence raised tending to establish that at the time of the homicide the defendant was under the influence of narcotics to such an extent that he was incapable of forming the specific intent and premeditation necessary to support a conviction under 21 O.S. § 701, subsection 1, we observe that under the provisions of 21 O.S. § 701, subsection 2, premeditation is not a necessary element of the crime of Murder and for this reason the defendant's argument must fail.

■ It is further contended that the trial court, although not requested, should have instructed on the lesser degree of Manslaughter under the facts adduced on the trial. The sole defense offered by defendant was that he did not seize the steering wheel and guide the car into the path of the oncoming vehicle, but that when the officer observed the defendant on the back seat, he was distracted from maintaining the automobile in its proper lane and propelled the vehicle into the other lane, thus causing the collision. Under these circumstances, the defendant was either guilty of Murder or nothing.

■ We are of the opinion that the defendant had a fair trial; that the evidence introduced over defendant's objections was properly admitted; that the issues were properly submitted to the jury; and the evidence supports the finding of the jury. For these reasons, the judgment and sentence appealed from is accordingly affirmed.

BRETT, P. J., concurs.

NIX, J., not participating.